Dear Mrs. Barnes:
You advise this office that on March 5, 2010, you were appointed to fill the vacancy in the office of East Feliciana Parish police juror, created by the passing of your husband. You also advise that a special election will be called in October of 2010 to fill the office. Considering your full-time employment with the federal government as a mail carrier, you ask this office to advise whether the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., would permit you to campaign for and hold the position of police juror in the event you are elected.
While La.R.S. 42:63(A)(1) generally prohibits one from holding elective office while holding employment in the federal government, police jurors are exempt from this limitation. La.R.S. 42:63(A)(3)(a) provides that "a person holding employment in the government of the United States and at the same time holding part-time elective office shall not be in violation of this Subsection . . ." La.R.S. 42:63(A)(3)(b) further states "for purposes of this Paragraph, `part-time elective office' shall mean an elective office the holder of which is deemed to be a part-time public servant pursuant to Article X, Section 29.1(A) of the Constitution of Louisiana." Article X, Section 29.1(A) defines "part-time public servant" to include a police juror.
It is the opinion of this office that the state dual officeholding statutes do not prohibit a federal government employee from campaigning for or holding the elective office of police juror. However, federal government employees are subject to the provisions of the Hatch Act, 5 U.S.C. § 1501-1508, concerning certain political activities. Under5 U.S.C. § 7323(a)(3), the Hatch Act states that *Page 2 
". . . [a federal] employee may not . . . run for the nomination or as a candidate for election to a partisan political office." The Hatch Act further provides for the removal or suspension from public employment of any employee who is a candidate in a partisan election. See5 U.S.C. § 7326.[1]
While the Act prohibits a covered employee from running for public office in a partisan election, the Act does not prohibit a covered employee from holding public office. "Recall what the statute forbids-candidacy in a partisan election. There is no bar in holding an office. It is candidacy which triggers the Act." See Special Counsel v.Carter, 45 M.S.P.R. 447 (1990), at page 453.
The federal agency responsible for enforcing the Hatch Act is the Merit Systems Protection Board (the MSPB). Charges for violations of the Hatch Act are instituted against the employee by the Office of Special Counsel.
A federal employee who intends to be a candidate for elective office must first resolve any doubt regarding the application of the Hatch Act by requesting an advisory opinion from the Office of Special Counsel.[2] The failure of an employee to request an advisory opinion from the Office of Special Counsel is an aggravating factor that is weighed by the MSPB to determine whether a violation of the Hatch Act warrants removal of the employee.[3]
We express no opinion regarding the application of the Hatch Act to your specific circumstances; rather, we suggest you consult the U.S. Office of Special Counsel for an advisory opinion addressing your situation. You may request such advice by phone, fax, mail or email, to the following:
 Hatch Act Unit U.S. Office of Special Counsel 1730 M Street, N.W., Suite 218 Washington, DC 20036-4505 Tel: (800) 85-HATCH or (800) 854-2824 (202) 254-3650 *Page 3 Fax: (202) 254-3700 Email: hatchact@osc.gov
In summary, it is the opinion of this office that the state dual officeholding law does not prohibit you from campaigning for or holding the elective office of police while you hold federal employment as a mail carrier. While state law does not prohibit your candidacy for police juror, the federal Hatch Act may be violated by such an event. You must seek the opinion of the Office of Special Counsel for a final resolution regarding this issue.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] 5 U.S.C. § 7326 provides for the following penalties:
An employee or individual who violates Section 7323 or 7324 of this title shall be removed from his position, and funds appropriated for the position from which removed thereafter may not be used to pay the employee or individual. However, if the Merit System Protection Board finds by unanimous vote that the violation does not warrant removal, a penalty of not less than 30 days' suspension without pay shall be imposed by direction of the Board.
[2] The Office of Special Counsel is authorized by federal statute to issue advisory opinions concerning application of the Hatch Act. See5 U.S.C.A. § 1212(f).
[3] See In re Grindle, 1 M.S.P.R. 34, 40 (1979).